DECISION
{¶ 1} This is an appeal from the decision and judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, dated March 18, 2008, overruling the objection of appellant, K.K., Sr., and adopting the magistrate's decision awarding temporary court commitment ("TCC") of appellant's *Page 2 
daughter, J.K., to Franklin County Children Services ("FCCS"). The issue on appeal is whether appellant received ineffective assistance of counsel. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Before this action began, appellant had custody of his children J.K. and K.K., Jr. On January 9, 2007, FCCS filed a motion to modify custody due to allegations of sexual abuse of J.K. by her father. FCCS was given temporary custody at a preliminary hearing with K.K., Sr. to have supervised visitation. After a contested trial, the magistrate committed J.K. temporarily to the custody of FCCS. K.K., Sr. filed a generic objection contending that the decision of the magistrate was contrary to law and fact.
 {¶ 3} The court undertook what it characterized as "the equivalent of a de novo review of the Magistrate's Decision," noting that the objection failed to state any specific grounds. (Decision and Entry, at 2.) As a result, the court conducted a review of all the evidence presented to the magistrate, and the court found no error of law or fact in the magistrate's decision. The court found that there had been a substantial change in circumstances and that the best interests of the child were best served by the TCC to FCCS. Accordingly, the court overruled the objection and adopted the decision of the magistrate.
 {¶ 4} J.K. was 15 and K.K., Jr. was 14 at the time of trial. At trial, it was established that shortly after obtaining sole custody of his children in 2004, appellant moved to California where they variously lived with friends, in a hotel, at a number of homeless shelters, and finally at a two-bedroom residence. K.K., Sr. required his children to sell candy and soda on the streets to support the family. On one occasion, K.K., Sr. left the children alone outside a grocery store to sell candy and water. The children ran *Page 3 
away because they did not like selling candy to strangers. After several hours, they were returned to their father by the police. After returning to Ohio because the cost of living was too high in California, appellant required his children to continue the activity of selling candy in The Ohio State University district. Both children indicated they would be punished if they did not sell enough candy.
 {¶ 5} Back in Ohio, the family lived for a time with appellant's mother who had a one-bedroom residence. J.K. slept on the couch, and K.K., Sr. and K.K., Jr. slept on the living room floor. After about three months, appellant and his children moved to a three-bedroom residence. However, at the time of trial, appellant and K.K., Jr. were again staying with appellant's mother.
 {¶ 6} In October 2006, appellant purchased a cell phone for J.K. J.K. was not permitted to speak to boys on the phone. Sometime after midnight on December 31, 2006, J.K. received a call from a boy. A heated argument ensued between J.K. and her father. J.K. testified that during the argument her father slapped her several times, and also choked her, and told her she was acting like a "slut." K.K., Sr. denied slapping or hitting her.
 {¶ 7} At approximately 3:00 a.m., J.K. called her maternal grandfather and also spoke to her mother. J.K. left the house while her father was distracted, and left with her grandfather. She called the police, who took a report. She also called FCCS, and when the incident was not immediately investigated, she contacted an emergency hotline and was referred to Huckleberry House. J.K. eventually returned to her father's home, but about one week later, FCCS removed her from the home and filed the motion to modify custody. *Page 4 
 {¶ 8} J.K. admitted to a history of running away from home, including her mother's home, and her grandfather's home. During the investigation that ensued because of the cell phone incident, J.K. told investigators that her father had sexually abused her for many years up until the last week of December 2006. She consistently told the same story to police, her caseworkers, Children's Hospital personnel, her foster mother, her mother, and her grandfather. Her father would come into her room when she was asleep or pretending to sleep, maneuver her onto her stomach, and grind his pelvis against her. J.K. testified that the back of her clothing would be wet when he finished, and that he referred to it as the "`sweatin' game." At one point J.K. stated that her father, a sometime preacher, told her that he knew what he was doing was "not right in God's eyes," but he did not stop.
 {¶ 9} J.K. testified that her brother had a learning disability, and received more physical abuse from her father than she did. She also described how the father tortured and eventually killed the family cat by choking it, placing it over the shower rod in the bathroom, and finally suffocating it by putting it in a plastic bag.
 {¶ 10} K.K., Sr. denied using any physical discipline with either child within the past ten years. He denied killing the cat. He denied that any sexual activity took place between him and his daughter. He indicated that he and his daughter have problems because J.K. does not want to follow the rules and that she wants to get her own way.
 {¶ 11} On appeal, K.K., Sr. asserts a single assignment of error as follows:
 Appellant was deprived of his right to effective assistance of counsel. *Page 5 
 {¶ 12} R.C. 2151.352 guarantees a right to counsel to a child's parents for proceedings to modify a legal custody order if there has been a change in the circumstances of the child or person who has legal custody, and if the change is in the best interest of the child. R.C. 2151.42(B). The right to counsel includes the right to effective assistance of counsel. In re Brooks, Franklin App. No. 04AP-164,2004-Ohio-3887, at ¶ 24 (right to counsel guaranteed at all stages of permanent custody proceedings). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v.Washington (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 13} To succeed on his claim, appellant must demonstrate that his trial counsel's performance was deficient. Even if appellant is able to make such a showing, he must also demonstrate that there exists a reasonable probability that, were it not for his counsel's errors, the result of the trial would be different. In re Brooks, at ¶ 26.
 {¶ 14} Appellant alleges that his counsel's performance was deficient because he failed to file detailed objections to the magistrate's decision. Appellant argues that he was prejudiced because his counsel should have filed detailed evidentiary objections, should have challenged the credibility of J.K. concerning her allegations of sexual abuse, and should have objected to the findings of financial exploitation. Appellant argues that if trial counsel had been more specific in raising objections, the court might have viewed the credibility determinations differently and weighed the evidence in favor of K.K., Sr.
 {¶ 15} Here, we can think of no strategic reason why appellant's trial counsel failed to state his objections with specificity as required by Ohio Juvenile Rule 40(D)(3)(b)(ii) *Page 6 
("An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.") Although trial counsel filed his objection prior to preparation of the transcript, counsel did not provide the court with a more specific statement of objections after the transcript was prepared, as he promised in his supporting memorandum. On these facts, we conclude that the first part of theStrickland standard is satisfied.
 {¶ 16} Appellant must also demonstrate that his trial counsel's ineffectiveness was prejudicial. The essence of appellant's concern is whether K.K., Sr. or J.K. was the most credible witness. Appellant argues that his counsel should have objected to the magistrate's disallowing that testimony that J.K. had made false allegations of sexual misconduct against other individuals. Interestingly, however, appellant was permitted to attempt to prove that J.K. had made a false complaint of sexual impropriety against a caseworker, but was unable to establish this as fact. Moreover, neither the magistrate nor the trial court made a finding of sexual abuse but, rather, based their decisions on the severity of the conflict laden interactions between father and daughter as well as the economic exploitation of the children by forcing them to sell candy, soda, and water on the streets to make money to support the family. K.K., Sr., J.K., and K.K., Jr. all testified about the candy sales, with the only significant dispute over the frequency of the activities.
 {¶ 17} With respect to credibility, the court conducted an independent review of the record and noted that appellant testified that his daughter had threatened him during a telephone call, saying that she would take him to court unless he allowed her to stay with her grandfather. Upon further questioning, appellant admitted that he never told anyone, *Page 7 
including his own attorney, about the threat until he remembered it during his testimony on May 30, 2007. The court also noted that J.K. was unruly and out of control in December 2006.
 {¶ 18} This court addressed a similar situation in In re Brooks, a case involving termination of parental rights. Although the court could have overruled appellant's generic objection, it proceeded to fully address the weight and sufficiency of the evidence concerning the change of circumstances and the best interest of the child. As a result, this court found no prejudice in a case involving termination of parental rights where appellant failed to file specific objections. Id. at ¶ 30.
 {¶ 19} Here, the court's discussion of the evidence demonstrates a comprehensive review of all matters including credibility of witnesses. Appellant has not shown that, if he had advanced specific objections, there was a reasonable likelihood that the outcome would have been different. For all of these reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
 PETREE and FRENCH, JJ., concur. *Page 1